UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENFORT ROBIN WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>THE PEOPLE et al,<br><br>Defendants. | Case No. 2:26-cv-05694-CV-MAR<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

## I.
## INTRODUCTION

On May 22, 2026, Plaintiff Kenfort Robin Williams ("Plaintiff"), proceeding pro se, filed a Complaint (the "Complaint") pursuant to 42 U.S.C. § 1983 ("section 1983"). ECF Docket No. ("Dkt.") 1. The Court has screened the Complaint pursuant to 28 U.S.C. §§ 1915A. For the reasons discussed below, if Plaintiff desires to pursue this action, he is **ORDERED** to file a First Amended Complaint ("FAC") **within twenty-eight (28) days** of the service date of this Order, by **September 25, 2026**. If Plaintiff fails to timely file a FAC or fails to remedy the deficiencies of this pleading, the Court may recommend that this action be dismissed without further leave to amend and with prejudice for failure to state a claim and follow the Court's orders.

///

## II.

## SUMMARY OF THE COMPLAINT

The Complaint names five Defendants:

(1) Department of State Hospitals ("DSH") Forensic Department;

(2) Eleanor Provost, a retired Judge for the Superior Court of Tuolumne County Superior Court;

(3) Peter Smith, Deputy D.A. for Calaveras County;

(4) Joshua Dean, M.D., a psychiatrist; and

(5) John/Jane Doe, DSH Administration.

Complaint at 3–4. The Complaint names DSH Forensic Department and Eleanor Provost in both their individual and official capacities, but names Peter Smith and Joshua Dean in their individual capacities only. Id.

The supporting facts are drawn from the Exhibits filed with the Complaint. See Dkt. 1 at 8–133. The Complaint appears to allege:

In February 1993, Plaintiff was arrested for possession of a controlled substance and possession of paraphernalia, for which he was deemed mentally "unfit to stand trial" as a result of substance abuse. Complaint at 10. Later in 1993, Plaintiff was arrested again and found not guilty by reason of insanity ("NGI") for two counts of attempted murder, two counts of assault on a custodial officer with great bodily injury, unlawful possession of a machine gun, and interfering with a dog being used by a police officer. See id. at 10, 27. Plaintiff alleges that Defendant Judge Eleanor Provost stated that she would "make sure that [Plaintiff] would never see the light of day." Id. at 10. Plaintiff alleges a finding of NGI request requires two hearings, one to "establish the presence of guilt" and then one to "determine the presence of mind." Id. Plaintiff alleges he was deprived of the second hearing. Id.

In 2013, Plaintiff had a "Restoration/extension" hearing, in which his confinement was extended, even though the "Psychiatric Teams were unable to

establish a '[diagnosis]'". Complaint at 10–11. He alleges that the government failed to establish a "mental illness" that would cause him to be a "threat to the safety" of himself or others. Id. at 12.

In 2016, Plaintiff was placed into Conditional Release Programming ("CONREP"), via a "resolution" that the government would not file a petition to extend his commitment if he successfully completed one year of CONREP. Id. at 48. In 2017, Plaintiff's placement in CONREP was terminated and he was re-confined at Atascadero State Hospital. Id. at 52. Petitioner alleges he was not afforded due process when being returned to involuntary commitment. Id. at 12. He alleges that "evidence of a beneficial nature" was intentionally removed from the state prosecutor's petition for revocation. Id. at 11, 16, 19. He also alleges Defendant Peter Smith "selectively prosecuted" Plaintiff with the intent to gain political benefit. Id. at 16. He also appears to allege that his release to CONREP was revoked despite a lack of criminal activity, in violation of the resolution entered by the court. Id. at 17.

Sometime after his return to the State Hospital, CONREP agreed to accept Plaintiff again, and DSH supported release to CONREP, however Plaintiff turned down the offer, and in 2023, Plaintiff requested a jury trial. Id. at 76. Plaintiff alleges that Defendant Dr. Joshua Dean was allowed to testify regarding Plaintiff's past criminal action, which he alleges was irrelevant and unfairly prejudicial evidence. Id. at 13. The jury found that Plaintiff suffered from a mental disease, defect, or disorder and as a result posed a substantial danger of physical harm to others and had serious difficulty in controlling his dangerous behavior. Id. at 77. The court ordered re-commitment to DSH for two years. Plaintiff appealed. Id.

Plaintiff brings four claims related to these allegations:

(1) "Deprivation of fair trial (x2)" ("Claim One");

(2) Deprivation of fair trial, "in that … the state prosecution, the [C]alavares [County] Judge involved both acted and allowed extreme prejudice" ("Claim Two");

(3) "The prosecution did so 'knowingly deprive the Claimant in this case of a fair trial by [p]reventing the entry of [e]xculpatory [e]vidence'" ("Claim Three"); and

(4) "CONREP Evaluators did violate a Court ordered agreement against specified orders of the court, which the court went back on later also" ("Claim Four").

Id. at 5, 7.

Plaintiff seeks immediate release and monetary relief in the amount of one million dollars per year for each year he has been "unduly withheld against his wishes," to total thirty-five million dollars. Id. at 6. He also seeks an "admission of guilt." Id. at 7.

## III.

## STANDARD OF REVIEW

Where a plaintiff is incarcerated, a court must screen the complaint under 28 U.S.C. § 1915A, and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915A; see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007). In considering whether a complaint states a claim, a court must accept as true all the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892–93 (9th Cir. 2011). However, the court need not accept as true "allegations that are merely

conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

"A document filed pro se is 'to be liberally construed,' and a 'pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Woods v. Carey, 525 F.3d 886, 889–90 (9th Cir. 2008) (internal citations omitted). However, liberal construction should only be afforded to "a plaintiff's factual allegations," Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989), and a court need not accept as true "unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations." Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003).

If a court finds the complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126–30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is pro se. Id. at 1130–31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1107–11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

///

## IV.

## DISCUSSION

### A. THE COMPLAINT FAILS TO COMPLY WITH RULE 8

#### 1. Applicable Law

Fed. R. of Civ. P. 8 ("Rule 8") requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought." Fed. R. Civ. P. 8. Rule 8(a) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." See Twombly, 550 U.S. at 555 n. 3. "[T]he 'short and plain statement' [required by Rule 8] must provide the defendant with 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 346 (2005).

A court may dismiss a complaint because it is unintelligible or frivolous "where it lacks an arguable basis either in law or in fact." Neitzke, 490 U.S. at 325. Furthermore, Rule 8 requires that a complaint clearly establish the claims and parties such that a defendant would have "no difficulty in responding to the claims with an answer and/or with a Rule 12(b)(6) motion to dismiss." Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1131–32 (9th Cir. 2008); Conley v. Gibson, 355 U.S. 41, 47 (1957).

While "verbosity or length is not by itself a basis for dismissing a complaint," a pleading may not be of unlimited length or opacity, and thus Rule 8 may be violated by a pleading that is needlessly long, repetitious, confused, or consisting of incomprehensible rambling. Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1058–59 (9th Cir. 2011) (citations omitted); see, e.g., McHenry v. Renne, 84 F.3d 1172, 1177–80 (9th Cir. 1996) (upholding a Rule 8(a) dismissal of a complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"); Schmidt v. Herrmann, 614 F.2d 1221, 1224 (9th Cir. 1980) (upholding a Rule 8(a) dismissal of "confusing, distracting, ambiguous, and unintelligible pleadings").

**2. Analysis**

As an initial matter, the Complaint contains no factual allegations. Instead, the Complaint refers to the attached "Petition for Release" apparently filed before the Superior Court of California. See Complaint at 5, 8–20. The "Petition" fails to state a "short, plain statement of the claim showing that the [Plaintiff] is entitled to relief" in this case. Fed. R. Civ. P. 8. For example, Plaintiff refers to "deprivation of fair trial" but it is unclear whether he is referring to his criminal trial or a subsequent hearing regarding his continued confinement, or both. In any amended complaint, Plaintiff should provide a "short, plain statement" indicating the basis for each claim for relief.

Furthermore, while the Plaintiff's Complaint alleges "deprivation of fair trial" in Claims One through Three, it does not identify the constitutional basis for these claims, leaving the Court to take its best guess at to the theories underlying Plaintiff's claims. Plaintiff also fails to specify which Defendant is included in which claim. Accordingly, in its current state, Defendants would have difficulty responding to the claims contained in the Complaint. In any amended complaint, for each claim, Plaintiff should clearly identify the constitutional right he is alleging Defendants to have violated, as well as the specific actions each Defendant has taken or has failed to take to violate the right.

**B. PLAINTIFF NAMES IMMUNE DEFENDANTS**

**1. Applicable law**

Prosecutors have absolute immunity to suits under section 1983 when the prosecutor acts within the scope of his or her authority and in a quasi-judicial capacity. Ybarra v. Reno Thunderbird Mobile Home Vill., 723 F.2d 675, 678 (9th Cir. 1984) (citing Imbler v. Pachtman, 424 U.S. 409, 430–31 (1976)). However, prosecutors are not immune to suits for actions outside of this scope. Bly-Magee v. California, 236 F.3d 1014, 1018 (9th Cir. 2001) (finding that prosecutors were not "immune for any actions that [were] wholly unrelated to or outside of their official

duties"). Accordingly, whether a prosecutor is entitled to absolute immunity turns on the nature of their actions, not necessarily whether they have committed misconduct. See, e.g., Broam v. Bogan, 320 F.3d 1023, 1030 (9th Cir. 2003) ("A prosecutor's decision not to preserve or turn over exculpatory material before trial, during trial, or after conviction is a violation of due process . . . It is, nonetheless, an exercise of the prosecutorial function and entitles the prosecutor to absolute immunity from a civil suit for damages." (citing Imbler, 424 U.S. at 431–32 n.34)).

Similarly, judges have absolute immunity to suits for monetary damages for their judicial acts. Bradley v. Fisher, 80 U.S. 335, 347–48 (1871). "This immunity applies even when the judge is accused of acting maliciously and corruptly[.]" Pierson v. Ray, 386 U.S. 547, 554 (1967) ("[A judge] should not have to fear that unsatisfied litigants may hound [her/him/them] with litigation charging malice or corruption."). Absolute judicial immunity exists "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." Bradley, 80 U.S. at 347; see also Mireles v. Waco, 502 U.S. 9 (1991) (upholding absolute immunity for a judge that allegedly ordered excessive force be used in arresting a suspect).

"The Eleventh Amendment bars suits against state agencies." See, e.g., Brown v. Cal. Dep't of Corrs., 554 F.3d 747, 752 (9th Cir. 2009). However, "[w]hen sued for prospective injunctive relief, a state official in his official capacity is considered a 'person' for § 1983 purposes," and the Eleventh Amendment will not bar such relief. Flint v. Dennison, 488 F.3d 816, 824-25 (9th Cir. 2007) (citation omitted). Accordingly, a suit for prospective injunctive relief against a state employee in his official capacity may be cognizable when properly pled. Doe v. Lawrence Livermore Nat. Lab., 131 F.3d 836, 839 (9th Cir. 1997); see also Hason v. Med. Bd. of California, 279 F.3d 1167, 1171 (9th Cir. 2002) ("[T]he Eleventh Amendment does not bar suits for prospective injunctive relief brought against state officers 'in their

official capacities, to enjoin an alleged ongoing violation of federal law.'") (quoting Agua Caliente Band of Cahuilla Indians v. Hardin, 223 F.3d 1041, 1045 (9th Cir. 2000)).

The specific state official sued for prospective injunctive relief "must have some direct connection with the enforcement of the [allegedly unconstitutional] act." Los Angeles Cnty. Bar Ass'n v. March Fong Eu, 979 F.2d 697, 704 (9th Cir. 1992) (alteration in original; internal quotation marks omitted). "This connection must be fairly direct; a generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provision will not subject an official to suit." Planned Parenthood of Idaho, Inc. v. Wasden, 376 F.3d 908, 919 (9th Cir. 2004). Furthermore, for the "prospective injunctive relief" exception to the Eleventh Amendment to apply, the plaintiff must establish a continuing violation of federal law. Green v. Mansour, 474 U.S. 64, 73 (1985) (relief barred in suit for injunctive relief against state official where there is "no claimed continuing violation of federal law").

**2. Analysis**

Here, Plaintiff names Peter Smith, a Deputy District Attorney for Calaveras County as a defendant in his individual capacity. Complaint at 3. Smith is immune from suit for damages for acts within the scope of his authority and capacity as a prosecutor. Ybarra, 723 F.2d at 678. Plaintiff also names Judge Eleanor Provost in her individual and official capacity. Judges have absolute immunity to suits for monetary damage for their judicial actions. Bradley, 80 U.S. at 347–48. Therefore, claims against Defendants Smith and Provost are subject to dismissal.

Furthermore, the Complaint names the Department of State Hospitals Forensic Department; Joshua Dean, a "DSH employee;" and John/Jane Doe, a "DSH Administrat[or]." Complaint at 3–4. The 11th Amendment bars suit against the Department of State Hospitals. Felix v. Clendenin, No. 119CV01784JLTBAMPC,

2023 WL 6164250 (E.D. Cal. Sept. 21, 2023) (citing Foster v. State Dep't of State Hosps., 2021 WL 5330976, at *2 (E.D. Cal. Nov. 16, 2021) (finding "the Eleventh Amendment serves as a jurisdictional bar" to the plaintiff's suit against the Department of State Hospitals, as a state agency), findings adopted 2022 WL 222067 (E.D. Cal. Jan. 25, 2022)). Defendants Dean and Doe, as state officers, are also immune from suit, except for possible injunctive relief in their official capacity. Nat. Res. Def. Council v. California Dep't of Transp., 96 F.3d 420, 421 (9th Cir. 1996) ("State immunity extends to state agencies and to state officers, who act on behalf of the state and can therefore assert the state's sovereign immunity.") Here, beyond requesting "immediate release" and an "admission of guilt," the Complaint seeks monetary damages. See Complaint at 6. Thus, the claims against Defendants Dean and Doe are subject to dismissal.

## V.

## LEAVE TO FILE AN AMENDED COMPLAINT

For the foregoing reasons, the Complaint is subject to dismissal. As the Court is unable to determine whether amendment would be futile, leave to amend is granted. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). Accordingly, **IT IS ORDERED THAT within twenty-eight (28) days** of the service date of this Order, **by September 25, 2026**, Plaintiff choose one (1) of the following three (3) options:

1. Plaintiff may file a First Amended Complaint ("FAC") to attempt to cure the deficiencies discussed above. The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the First Amended Complaint, which the Court highly encourages Plaintiff to use.

If Plaintiff chooses to file a FAC, they must clearly designate on the face of the document that it is the "First Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on

the court-approved form. Plaintiff shall not include new defendants or allegations that are not reasonably related to the claims asserted in the Complaint, or any other pleading, attachment, or document.

**In addition, the FAC must be complete without reference to the original Complaint, or any other pleading, attachment, or document.** An amended complaint supersedes the preceding complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat all preceding complaints as nonexistent. Id. **Because the Court grants Plaintiff leave to amend as to all their claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the First Amended Complaint.** Lacey v. Maricopa Cty., 693 F.3d 896, 928 (9th Cir. 2012).

Irrespective of Plaintiff's pro se status, if they wish to proceed with this action, they must comply with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Central District of California ("L.R."). See, e.g., Briones v. Riviera Hotel & Casino, 116 F.3d 379, 382 (9th Cir. 1997) ("pro se litigants are not excused from following court rules"); L.R. 1-3 ("Persons appearing pro se are bound by these rules, and any reference in these rules to 'attorney' or 'counsel' applies to parties pro se unless the context requires otherwise."); see also L.R. 11-3.8(d). Plaintiff's pleading also must be numbered consecutively at the bottom of each page. See, e.g., L.R. 11-3.1.1, 11-3.2, 11-3.3.

2. Alternatively, Plaintiff may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of Court is also directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use if they choose to voluntarily dismiss the action.**

3. Finally, Plaintiff may file a Notice of Intent to Stand on the Complaint, indicating Plaintiff's intent to stand on the Complaint despite the pleading defects set

forth herein, which may result in the dismissal of this action in its entirety based upon such defects.

Plaintiff is also explicitly cautioned that failure to timely file a First Amended Complaint, a Notice of Dismissal, or a Notice of Intent to Stand on the Complaint may be deemed Plaintiff's admission that amendment is futile, and may result in this action being dismissed with or without prejudice on the grounds set out above, for failure to state a claim, or for failure to prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: August 31, 2026

HONORABLE MARGO A. ROCCONI
United States Magistrate Judge